**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| **LIFE TREE TRADING, PTE., LTD.,** | **MEMORANDUM DECISION AND ORDER** |
| **Plaintiff,** | |
| **v.** | **Case No. 2:18-mc-00190-RJS-PMW** |
| **WASHAKIE RENEWABLE ENERGY, LLC,** | **District Judge Robert J. Shelby** |
| **Defendant.** | **Chief Magistrate Judge Paul M. Warner** |

District Judge Robert J. Shelby referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Defendant Washakie Renewable Energy, LLC's ("Washakie") Motion to Quash Subpoena Issued to Insta-Pro International.[2] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to Civil Rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

Before addressing the above-referenced motion, the court sets forth the following background. Following judgment entered in the United States District Court for the Southern District of New York, Plaintiff LifeTree Trading, Ltd. ("LifeTree") filed the instant case to

---

[1] *See* docket no. 5.

[2] *See* docket no. 3.

register the foreign judgment. The registration of the foreign judgment was entered in this case on March 1, 2018.[3] After the registration of the foreign judgment, Lifetree issued a post-judgment discovery subpoena to a third party, Insta-Pro International. Washakie then filed the motion to quash the subpoena before the court, notwithstanding the fact that the subpoena was directed to a third party.

Courts in this district have ruled that before determining whether to quash a subpoena, it must be determined that the party moving to quash the subpoena has standing. *See Zoobuh, Inc. v. Rainbow Int'l Corp.*, No. 2:14-cv-00477-DN, 2015 WL 2093292, at *2 (D. Utah May 5, 2015) ("[I]t must first be determined whether [the movant] has standing to move to quash the subpoena."); *W. Vision Software, L.C. v. Process Vision, LLC*, No. 1:12cv155, 2013 WL 1411778, at *3 (D. Utah Apr. 8, 2013) ("In order to bring a motion [to quash a subpoena], a party must have standing."). "Generally, a party does not have standing to object to a subpoena issued to a third party, unless the party challenging the subpoena has a personal right or privilege with respect to the subject matter sought by the subpoena." *Richards v. Convergys Corp.*, Nos. 2:05-CV-00790-DAK, 2:05-CV-00812 DAK, 2007 WL 474012, at *1 (D. Utah Feb. 7, 2007); *see also Smith v. Schryer*, No. 2:10-cv-01268-CW-DBP, 2013 WL 2519384, at *1 n.1 (D. Utah June 10, 2013); *W. Vision Software, L.C.*, 2013 WL 1411778, at *1.

In Washakie's motion to quash, it has neither argued nor shown it has standing to bring such a motion. Nowhere has it contended that it has a personal right or privilege to the

---

[3] *See* docket no. 2.

information sought by the subpoena.  Without more, the court cannot conclude that Washakie has standing.  Accordingly, Washakie's motion to quash[4] is DENIED.

IT IS SO ORDERED.

DATED this 10th day of July, 2018.

BY THE COURT:

_____
PAUL M. WARNER
Chief United States Magistrate Judge

---

[4] *See* docket no. 3.