# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| **LIFE TREE TRADING, PTE. LTD.,** <br><br> **Plaintiff,** <br><br> v. <br><br> **WASHAKIE RENEWABLE ENERGY, LLC,** <br><br> **Defendant.** | **MEMORANDUM DECISION AND ORDER** <br><br> **Case No. 2:18-mc-00190-RJS-PMW** <br><br> **District Judge Robert J. Shelby** <br><br> **Chief Magistrate Judge Paul M. Warner** |

District Judge Robert J. Shelby referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court are (1) Defendant Washakie Renewable Energy, LLC's ("Washakie") motion for a protective order and to quash subpoenas;[2] (2) a motion to quash and for protective order filed by WRE Truck Stop 100 LLC; WRE Chemical and Pharmaceutical, LLC; WRE Feed and Mill, LLC; and WRE Real Estate Holdings, LLC (collectively, "WRE Parties");[3] and (3) Plaintiff Lifetree Trading, Pte. Ltd.'s ("Lifetree") motion for order of contempt.[4] The court has carefully reviewed the written memoranda submitted by the parties on the above-referenced motions. Pursuant to Civil Rule 7-1(f) of the

---

[1] *See* docket no. 5.

[2] *See* docket no. 8.

[3] *See* docket no. 32.

[4] *See* docket no. 40.

Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will decide the motions on the basis of the written memoranda. *See* DUCivR 7-1(f). The court will address the motions in turn.

## ANALYSIS

### I. Washakie's Motion for a Protective Order and to Quash Subpoenas

Washakie seeks to quash four deposition subpoenas Lifetree served upon the WRE Parties. Washakie argues that Lifetree did not provide notice to Washakie concerning the depositions before issuing the subpoenas, as required by Rule 30(b)(1). *See* Fed. R. Civ. P. 30(b)(1) ("A party who wants to depose a person by oral questions must give reasonable written notice to every other party."). Washakie also contends that when Lifetree did not provide notice of the depositions to Washakie, Lifetree also failed to comply with Rule 30(b)(2), which requires that "[i]f a subpoena duces tecum is to be served on the deponent, the materials designated for production, as set out in the subpoena, must be listed in the notice or in an attachment." Fed. R. Civ. P. 30(b)(2). Washakie further asserts that Lifetree's counsel failed to confer with Washakie's counsel concerning the scheduling of the depositions before issuing the subpoenas.

The subpoenas in question scheduled the four depositions of the WRE Parties for June 28 and 29, 2018. As of the date of this order, those dates have passed and, according to Lifetree, the depositions did not occur on those dates. Accordingly, there is no need to quash the subpoenas. Therefore, Washakie's motion is moot.

The court notes that Lifetree subsequently issued deposition subpoenas to the WRE Parties, with notice to Washakie, rescheduling the four depositions for dates in July 2018 (collectively, "Subpoenas").[5] The court is unaware whether those depositions went forward as scheduled. In its reply memorandum in support of its motion, Washakie argues that Lifetree's counsel failed to consult with Washakie's counsel regarding the scheduling of those depositions and, accordingly, the Subpoenas should be quashed. Importantly, however, Washakie has not filed a separate motion to quash the Subpoenas. The court will not entertain Washakie's request without a separate motion. Nevertheless, Lifetree's counsel is hereby notified that for any future depositions, it shall endeavor to consult with Washakie's counsel concerning the scheduling of depositions, as required by the Utah Standards of Professionalism and Civility. *See* DUCivR 83-1.1(g) (adopting the Utah Standards of Professionalism and Civility for attorney conduct in cases and proceedings in this court).

As a final matter, the court notes the parties' apparent disagreement as to whether Washakie is permitted to attend the depositions of the WRE Parties. Because it is unclear whether Washakie has indeed been prevented from participating in those depositions, that issue is not ripe for court consideration. If either party feels that issue needs to be resolved, that party should file an appropriate motion with the court.

---

[5] *See* docket nos. 9-12.

## II.   WRE Parties' Motion to Quash and for Protective Order

The WRE Parties seek to quash the Subpoenas. The WRE Parties argue that the Subpoenas subject them to an undue burden. *See* Fed. R. Civ. P. 45(d)(3)(A)(iv) (requiring the court to quash or modify a subpoena that "subjects a person to undue burden"). In support of their motion, the WRE Parties present several arguments as to why compliance with the Subpoenas is unduly burdensome. The court will address those arguments in turn.

First, the WRE Parties assert that they are no longer in business and have ceased operations. The court is unable to see how that argument supports a showing of undue burden. Moreover, as argued by Lifetree, if the WRE Parties are in fact out of business, the need for a response to the Subpoenas is crucial before documents are potentially lost, individuals become unavailable, or assets are potentially dissipated.

Second, the WRE Parties contend that they have no assets. Lifetree correctly notes that it is unclear whether the WRE Parties are seeking relief because they cannot afford to respond to the Subpoenas or because they have no assets to satisfy the underlying judgment in this case if they are found to be liable for the judgment. Regardless of the reason, the court concludes that the WRE Parties have failed to show that the Subpoenas impose an undue burden. It appears that the cost of responding to the Subpoenas would be minimal. Additionally, the fact that the WRE Parties may have insufficient assets to satisfy a judgment does not excuse them from complying with the Subpoenas.

Third, the WRE Parties assert that they have very limited information that is responsive to the Subpoenas. That argument does nothing to demonstrate undue burden. To the contrary, if the WRE Parties have limited information, then it should not be burdensome to produce it.

Fourth, the WRE Parties maintain that one individual, Isaiah Kingston ("Mr. Kingston"), who is the designated representative for all of the WRE parties, will have to attend multiple depositions. Importantly, the WRE Parties' decision to name the Mr. Kingston as the designated representative for all of the WRE Parties was not Lifetree's choice. Under the circumstances presented here, the fact that Mr. Kingston will have to be deposed multiple times does not rise to the level of undue burden.

Fifth, the WRE Parties argue that Lifetree may seek to depose additional entities for which Mr. Kingston is likely to be the named representative. Not only does that argument fail for the reasons noted above, but it also is not ripe for court consideration. The court will not render an advisory opinion about any potential subpoenas that Lifetree might issue.

Sixth, in an attempt to illustrate the alleged "broad and far reaching" nature of Lifetree's post-judgment efforts, the WRE Parties note that Lifetree is seeking information from an entity in Nevada and that the WRE Parties are unaware of any connection between that entity and the WRE Parties.[6] That argument is entirely irrelevant to any burden placed on the WRE Parties by the Subpoenas. If the entity in question wishes to seek protection from the subpoena issued to it, it may do so.

Finally, the WRE Parties argue that Lifetree is required to present some threshold evidence that it has a legitimate reason to seek discovery from the WRE Parties. The WRE Parties have not articulated any legal basis for that proposition or shown how it relates to the undue burden analysis. For those reasons, the court concludes that this argument fails.

---

[6] Docket no. 32 at 4.

Moreover, even if the court were to agree that such a showing is required, which it does not, the court would conclude that Lifetree has made that showing. In its response to the WRE Parties' motion, Lifetree notes that Washakie claims to be insolvent and unable to satisfy the underlying judgment in this case. Lifetree also notes that Washakie and the WRE Parties are owned and controlled by the same individuals, including Mr. Kingston, and that Lifetree has a basis for believing that Washakie has had significant financial dealings with each of the WRE Parties. Under those circumstances, Lifetree clearly has a reasonable basis upon which to seek discovery from the WRE Parties.

For the foregoing reasons, the court concludes that the WRE Parties' arguments are without merit. Accordingly, the WRE Parties' motion to quash and for protective order is denied. The WRE Parties shall fully comply with the Subpoenas within thirty (30) days after the date of this order. With respect to the depositions sought by the Subpoenas, counsel for the parties shall endeavor to schedule them at mutually agreeable dates and times, but the depositions must occur within the thirty (30) day timeframe referenced above.

## III. Lifetree's Motion for an Order of Contempt

This motion also relates to the Subpoenas. Pursuant to Rule 45(g), Lifetree seeks an order of contempt against the WRE Parties for failing to comply with the Subpoenas. *See* Fed. R. Civ. P. 45(g) (providing that the court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it"). As part of its request, Lifetree seeks an order requiring immediate compliance with the Subpoenas, including an order requiring the WRE Parties to appear for depositions on certain dates. Lifetree

also seeks an award of monetary sanctions against the WRE Parties for their failure to comply with the Subpoenas.

The court is not persuaded that an order of contempt is appropriate under the circumstances presented here. In response to the Subpoenas, the WRE Parties filed their motion to quash and for protective order. The court concludes that, while that motion was pending, the WRE Parties had no obligation to comply with the Subpoenas. To the contrary, while the motion was pending, the WRE Parties had an "adequate excuse" for refusing to comply with the Subpoenas. *Id*. Furthermore, by way of this order, the court has ordered immediate compliance with the Subpoenas, which is part of the relief sought by Lifetree. As for the scheduling of the depositions sought by the Subpoenas, the court has addressed that issue above. Finally, under the circumstances, the court does not believe that an award of monetary sanctions against the WRE Parties is necessary or appropriate. For those reasons, Lifetree's motion for an order of contempt is denied.

## **CONCLUSION AND ORDER**

In summary, and as detailed above, IT IS HEREBY ORDERED:

1. Washakie's motion for a protective order and to quash subpoenas[7] is MOOT.

2. The WRE Parties' motion to quash and for protective order[8] is DENIED.

3. Lifetree's motion for order of contempt[9] is DENIED.

---

[7] *See* docket no. 8.

[8] *See* docket no. 32.

[9] *See* docket no. 40.

4. The WRE Parties shall fully comply with the Subpoenas within thirty (30) days after the date of this order.

IT IS SO ORDERED.

DATED this 3rd day of October, 2018.

BY THE COURT:

_____
PAUL M. WARNER
Chief United States Magistrate Judge